# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 27, 2016

## STATE OF TENNESSEE v. BILLY APPLEGATE

**Appeal from the Criminal Court for Sullivan County**
**No. S62442    James F. Goodwin, Jr., Judge**

_____

**No. E2015-00809-CCA-R3-CD – Filed June 10, 2016**

_____

JAMES CURWOOD WITT, JR., J., concurring.

The majority opinion adverts to the possibilities that the defendant's arrest had already become a *fait accomplis* when the behavior that gave rise to the resisting charges occurred and that two convictions of resisting arrest may have violated principles of double jeopardy. The majority notes that the defendant has raised neither of these issues and has, accordingly, waived our consideration of the same.

I would not rest the disposal of the issues upon mere failure to raise them on appeal without examining the issues for plain error notice. These undeveloped issues are serious enough to warrant plain error review – if the other requirements for such review are met. "When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for new trial or assigned as error on appeal." Tenn. R. App. P. 36(b). Thus, before this court may notice such error as plain, the error "must affect a 'substantial right' of the accused." *State v. Adkisson*, 899 S.W.2d 626, 639 (Tenn. Crim. App.1994). I believe that both undeveloped issues in the present case implicate substantial rights of the defendant; however, the magnitude of the right involved is not the only consideration for an appellate court in noticing an error as plain. In *State v. Smith*, our supreme court adopted Adkisson's five-factor test for determining whether an error should be recognized as plain:

> (a) the record must clearly establish what occurred in the trial court;

> (b) a clear and unequivocal rule of law must have been breached;

> (c) a substantial right of the accused must have been adversely affected;

> (d) the accused did not waive the issue for tactical reasons; and

(e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (quoting *Adkisson*, 899 S.W.2d at 641-42). "[A]ll five factors must be established by the record before this court will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established." *Smith*, 24 S.W.3d at 283. In the present case, the record does clearly establish what occurred in the trial court relative to the specific sufficiency of the evidence and double jeopardy issues.

If the two resisting arrest charges were based upon two officers' struggle with the defendant after he had already been handcuffed and locked in the police car, (1) the evidence might have been insufficient to support resisting arrest convictions given that such behavior of the defendant followed an arrest that had already been accomplished, and (2) only a single arrest and a single resisting charge can be implicated by those facts. The record, however, is not clear about the factual bases for the resisting arrest convictions. The State made no election in its closing arguments and did not theorize to the jury the factual bases for multiple resisting arrest convictions. Moreover, the record does not contain the closing jury instructions, and we cannot know whether the trial court attributed each of the several indictment counts to a specific act of the defendant. Given the status of the record, plain error review is not possible.

In conclusion, I concur with the majority in declining to review the cited issues; however, I would have declined after a full analysis of the potential for plain error.

_____
JAMES CURWOOD WITT, JR., JUDGE